**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MICHAEL D. MATZ, )<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>FIFTH THIRD SECURITIES, INC., )<br>      Defendant. ) | CAUSE NO.: 2:07-CV-278-PPS-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Compel [DE 17], filed by Defendant on May 8, 2009. On May 26, 2009, Plaintiff filed a response brief in opposition, to which Defendant filed a reply brief on June 3, 2009.

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 23, 2007, Plaintiff filed his Complaint against Defendant, alleging violations of the Age Discrimination in Employment Act ("ADEA"), the Indiana Age Discrimination Law, and Intentional Infliction of Emotional Distress. In the Complaint, Plaintiff alleges that he suffered mental and emotional injury as a result of Defendant's alleged discriminatory policies and procedures. Further, Plaintiff alleges that he "suffered severe emotional distress which required professional help." Pl.'s Compl. ¶ 58.

On April 30, 2008, Plaintiff served his initial disclosures on Defendant, listing Dr. Marguerite Rebesco as an expert witness. During his September 30, 2008 deposition, Plaintiff testified that he participated in individual counseling sessions with Dr. Rebesco as a result of problems he experienced while employed by Defendant. Plaintiff also testified that as a result of problems with his family, he, his wife, and his step-daughter participated in family therapy sessions with Dr. Rebesco. During these sessions, Plaintiff discussed his family problems and some of the problems that he was having while working for Defendant. Accordingly, based on Plaintiff's

deposition testimony, Defendant believes that his alleged emotional distress may have arisen from causes unrelated to the allegations made against Defendants in his Complaint.

On October 1, 2008, Defendant served a subpoena on Dr. Rebesco seeking all records associated with Plaintiff's individual and family therapy sessions. On October 8, 2008, Dr. Rebesco responded to the subpoena via letter and provided that psychotherapy is a privileged communication and that she could not disclose records from the family sessions unless she received a waiver of confidentiality from all of the individuals involved. On October 13, 2008, counsel for Defendant spoke with counsel for Plaintiff regarding authorizations necessary to permit release of the requested records.

On November 17, 2008, counsel for Plaintiff indicated via e-mail that Plaintiff was not willing to execute a release providing access to records from the family therapy sessions. In an exchange of e-mails on November 19, 2008, and December 8, 2008, the parties agreed that the records from the family therapy sessions were relevant and Plaintiff's counsel indicated that he would advise Plaintiff to sign an authorization. On December 31, 2008, Plaintiff's counsel indicated to Defendant's counsel that Plaintiff would sign an authorization to release Dr. Rebesco's records from the family therapy sessions.

Plaintiff executed a HIPAA Privacy Authorization for Disclosure of Protected Health Information Relevant to Litigation or Pending Claims on January 16, 2009. On January 20, 2009, Plaintiff's release was sent to Dr. Rebesco and on February 1, 2009, she provided records that included solely notes from Plaintiff's individual therapy sessions. On February 3, 2009, counsel for Defendant sent a letter to Dr. Rebesco requesting the records from the family therapy sessions.

On February 10, 2009, Dr. Rebesco responded via letter, indicating that the records related to the family therapy sessions, which contain clinical information about other individuals commingled with Plaintiff's information, could only be released with authorizations from those individuals (i.e., Plaintiff's wife and step-daughter).

On March 2, 2009, counsel for the parties conferred via telephone and authorizations were provided to Plaintiff's counsel so that Plaintiff's wife and step-daughter could authorize the release of the family therapy records. By April 2, 2009, however, the authorizations had not been executed and on April 7, 2009, counsel for Plaintiff informed Defendant's counsel that Plaintiff's wife and step-daughter refused to sign the authorizations. In an April 9, 2009 follow up email, counsel for Defendant requested that Plaintiff's counsel inquire as to whether Plaintiff's wife and step-daughter were willing to authorize the release of redacted records. On April 17, 2009, counsel for Plaintiff indicated that Plaintiff's wife and step-daughter would not sign the authorizations under any terms.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that a party may discover any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). "Rule 501 of the Federal Rules of Evidence governs the applicability of privileges in federal courts." *Perez v. City of Chic.*, No. 02 C 1969, 2004 WL 1151570, at *1 (N.D. Ill. April 29, 2004). Federal common law applies in cases based on a federal cause of action even where a complaint alleges a pendant state law claim. *Id.* Here, although Plaintiff's Complaint contains state law claims, the principal claim in this case is brought pursuant to the ADEA. Thus, federal common law governs the determination of whether a privilege applies.

Here, the parties generally agree that information contained in the family therapy records may be relevant to Plaintiff's emotional problems and their relation to alternative causes. Nonetheless, Plaintiff argues in his response brief that the family therapy records may contain information wholly unrelated to Plaintiff's emotional state and argues that the psychotherapist-patient privilege applies on behalf of his wife and step-daughter.

Federal common law recognizes a psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1. In *Jaffee*, the United States Supreme Court held that "confidential communications

between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at 15. The *Jaffe* court also noted that "[l]ike other testimonial privileges, the patient may of course waive the protection." *Id.* at 16 n. 14. The Court did not define the contours of the psychotherapist-patient privilege or address when or how it can be waived. *Id.* at 18.

"One way a privilege holder can waive the privilege is by affirmatively putting the privileged communications directly at issue in the lawsuit." *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308 (N.D. Ill. 1999). "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Diary*, 456 F.3d 704, 718 (7th Cir.2006). As the court observed in *Santelli*, "[a] party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Santelli*, 188 F.R.D. at 309.

Here, Plaintiff does not invoke the psychotherapist-patient privilege on his own behalf. Instead, Plaintiff agrees that he has waived this privilege in asserting his claim for intentional infliction of emotional distress and naming Dr. Rebesco as an expert in discovery. *See* Pl.'s Resp. Br. at 5. Instead, Plaintiff argues that this privilege applies to his wife and step-daughter and that they have refused to waive this privilege.

A party asserting that a privilege applies protecting materials from discovery has the burden of proving that all of the privilege's elements are satisfied. *Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at *7 (N.D. Ill. Aug. 10, 2007). A party asserting that the psychotherapist-patient privilege applies must establish that (1) confidential communications were made (2) between a licensed psychotherapist and her patient (3) in the course of diagnosis or treatment. *Tesser v. Bd. of Ed.*, 154 F. Supp. 2d 388, 391 (E.D.N.Y. 2001). Here, the record does not support that Plaintiff's wife and step-daughter have invoked the psychotherapist-patient privilege on their own behalf.

4

While the exhibits attached to the briefing on the instant Motion indicate that Plaintiff's wife and step-daughter have refused to sign authorizations to have the family therapy session records released, they have not done so on grounds that such information is privileged and have not specifically invoked the privilege. Instead, at best, Plaintiff is attempting to invoke the privilege on their behalf. However, it is the holder of the privilege who has the burden of proving that the privilege applies. *See Ligas*, 2007 WL 2316940, at *7. Even though Plaintiff's wife and step-daughter are non-parties to this action, they have not objected to the instant Motion. *See Perez*, 2004 WL 1151570, at *1 (non-party family members objected, through their doctor, to the production of group family therapy session notes on the basis of the psychotherapist-patient privilege); *Tesser*, 154 F. Supp. 2d at 389, 391 (non-party husband sought to quash subpoena seeking disclosure of facts in treatment notes concerning the plaintiff and court acknowledged that the husband's "non-party status does not result in a tempering of his burden to establish the existence of the privilege"). Further, there is no indication from the record as to what communications the wife and step-daughter made to Dr. Rebesco, whether such communications were confidential, and whether they were made in the course of diagnosis or treatment. Accordingly, based on the record, the Court is unable to find that the psychotherapist-patient privilege applies to the information sought in the instant Motion.

Further, Defendant filed a Certification of Compliance with Local Rule 37.1 reciting its attempts to resolve this discovery dispute without Court intervention, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1. Counsel for Defendant recites the communications, via telephone and e-mail, between he and counsel for Plaintiff in attempting to have the records of the family therapy sessions released to Defendant.

> Rule 37(a) of the Federal Rules of Civil Procedure, in part, provides:
>
> If the motion [to compel] is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

> incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A).

Nonetheless, in response to the instant Motion, Plaintiff requests that because the family therapy session records may contain irrelevant material, the information should be subject to an *in camera* inspection by the Court or by Plaintiff's counsel to determine the relevancy of the information prior to its release. Further, Plaintiff requests that the Court release the information subject to a protective order. Defendant objects to having the information reviewed *in camera*, as it argues that there is no dispute as to relevancy of the material, and also objects to the terms of a protective order. Because the parties are currently unable to agree on the terms of a protective order, the Court declines to order the release of the family therapy session records subject to a protective order. However, because none of the parties have indicated how voluminous the records are and how much information the records contain regarding Plaintiff's mental health and emotional distress, or the problems he was having at work, the Court concludes that the family therapy records may contain irrelevant health information solely related to Plaintiff's wife and step-daughter. Therefore, the Court will conduct an *in camera* review of the family therapy records.

Having reviewed the Motion, the Court hereby **GRANTS but with relief different than that requested** the Defendant's Motion to Compel [DE 17]. The Court **ORDERS** Plaintiff's attorney to file under seal the requested family therapy session records with the Court, for an *in camera* inspection to determine what portions of the documents are relevant to the Plaintiff's claims and Defendant's defenses, and deliver to the Court two copies by **June 30, 2009**. After the Court reviews the records, those portions of the family therapy session records that are relevant to

Plaintiff's claims and Defendant's defenses will be turned over to the Defendant. Those portions of the family therapy session records that the Court determines do not contain relevant information will not be turned over to Defendant, but will be maintained under seal in the Court file.

SO ORDERED this 15th day of June, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record